Bobby Loyd **KUYKENDALL II, Petitioner,**

v.

The **STATE of Oklahoma ex rel. the DEPARTMENT OF CORRECTIONS; Jim Dennis, Warden of the William S. Key Correctional Center; and the Honorable Charles L. Goodwin, District Judge in and for the Second Judicial District, Custer County, Oklahoma, Respondents.**

**No. H 92–0960.**

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1993.

As Corrected Feb. 23, 1993.

ORDER REMANDING TO DISTRICT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS ORDER AND LIFTING STAY

Petitioner filed in this Court an application for a writ of habeas corpus alleging

that he is being illegally restrained. The District Court of Custer County, Case No. CRF–92–59, denied Petitioner's application for a writ of habeas corpus.

Petitioner contends that under the Delayed Sentencing Program for Young Adults, 22 O.S.1991, §§ 996–996.3, the District Court loses jurisdiction to sentence an offender after 120 days from the entry of his plea of guilty unless the deadline is waived. Petitioner states that he never waived his right to be sentenced within the first 120 days after entry of his plea and that the District Court had no jurisdiction to enter its September 21, 1992, order again committing Petitioner to the custody of the Department of Corrections for completion of the "R.I.D. program", and has lost jurisdiction to impose any sentence in the future.

On December 9, 1992, this Court directed the Respondent, or a designated representative, file a response to Petitioner's application for a writ of habeas corpus. Said response was filed in this Court January 5, 1993.

The response sets forth that on April 27, 1992, a Complaint and Information were filed alleging that Petitioner committed the crime of Burglary, Second Degree. Petitioner waived preliminary hearing and entered his guilty plea on May 18, 1992. At that time Petitioner was committed to the custody of the Department of Corrections under the Delayed Sentencing Program for Young Adults. Petitioner was allowed to remain in the community under supervision and his sentencing was set for September 14, 1992. On June 22, 1992, the District Court, on its own motion, continued Petitioner's sentencing hearing to September 21, 1992. The department of Corrections submitted a Specialized Offender Accountability Plan (S.O.A.P.) for Petitioner on August 28, 1992. On September 21, 1992, Petitioner appeared for sentencing and filed a Special Appearance and Motion to Quash, asking the District Court to quash the Felony Information for the reason that he had not been sentenced within 120 days of entering his plea of guilty. The District Court overruled the motion, entered a judgment of guilty, and after reviewing the S.O.A.P., ordered Petitioner to complete the "R.I.D. program" and report back to the District Court on January 25, 1993, at 1:30 p.m. for sentencing.

The State contends that the Delayed Sentencing Program for Young Adults was completed when the Department of Corrections submitted the S.O.A.P. on August 28, 1992; that Petitioner was not confined, but was on community supervision by the Department of Corrections. Further, neither Petitioner nor his attorney objected to the sentencing date being continued. The State contends that in this case, after reviewing the S.O.A.P., the District Court ordered Petitioner to complete the "R.I.D. program" and return on a day certain for sentencing; that given the content of the S.O.A.P., the District Court's order was undoubtedly appropriate and incident to the proper administration of justice.

Title 22 O.S.1991, § 996.3, directs:

A. Upon a verdict of guilty or a plea of guilty or nolo contendere of an offender, the court shall delay sentencing for a period of up to one hundred twenty (120) days after the plea of guilty or finding of guilt is entered and order the offender to the Delayed Sentencing Program for Young Adults under the custody of the Department of Corrections. For purposes of the Delayed Sentencing Program for Young Adults, the term "custody" shall include probation or confinement. The court may initially commit the offender for either probation or confinement pending the completion of the Delayed Sentencing Program.

After the completion of said program the court shall:

1. Defer judgment pursuant to the provisions of Section 991c of Title 22 of the Oklahoma Statutes; or

2. Sentence said offender to any sentence provided by law in the custody of the Department of Corrections; or

3. Suspend the execution of sentence pursuant to Section 991a of Title 22 of the Oklahoma Statutes. In addition to other conditions of probation allowed by statute, the court may include special conditions of probation as set forth in the plan provided to the court if sentencing

is deferred or if all or part of the sentence is suspended.

B. Within one hundred twenty (120) days after the offender is committed to the Delayed Sentencing Program for Young Adults, the Department of Corrections shall prepare and file with the court clerk a specialized offender accountability plan for said offender which shall comply with and be in lieu of the presentence investigation provided for in Section 982 of Title 22 of the Oklahoma Statutes....

Upon filing the plan, copies shall be provided by the Department of Corrections to the district attorney, the offender, and the offender's attorney. These copies shall be provided at least twenty (20) days prior to the sentencing date set by the court....

C. An order by the court placing an offender in the Delayed Sentencing Program for Young Adults shall be accepted by the Department of Corrections as a commitment to the custody of the Department pursuant to the provisions of Section 521 of Title 57 of the Oklahoma Statutes, for the purpose of committing an offender for assessment.

D. The period of delayed sentencing may be extended upon execution of a waiver of the one hundred twenty day period by the offender for the purpose of completing the Delayed Sentencing Program for Young Adults prior to sentencing. Provided however, in no event shall the extension exceed a period of sixty (60) days and said extension shall be approved by the court at which time the court shall set a new sentencing date in accordance with the programmed completion date.

The language of Section 996.3 is to be interpreted that the District Court is granted within subpart A of the statute a window of delayed sentencing to allow a defendant to participate in a Delayed Sentencing Program which can be either probation or confinement.

■ In this case on May 18, 1992, the Trial Court placed Petitioner in the Delayed Sentencing Program on probation. The 120 days of that program expired September 15, 1992. The Court does not interpret the statute to say that sentencing must be imposed within 120 days, but that the Delayed Sentencing Program must be completed within 120 days, unless waived by the defendant as set forth in subpart D of the statute.

■ The statute then says that after completion of the program, the District Court shall defer judgment, sentence the offender to any sentence provided by law, or suspend the execution of the sentence. We interpret this to mean that sentencing must occur within a reasonable time after completion of the Delayed Sentencing Program.

■ At the time of the sentencing hearing on September 21, 1992, the record reflects that Petitioner had completed the Delayed Sentencing Program as previously ordered by the District Court. The District Court then entered a Judgment and Sentence wherein the District Court found Petitioner guilty and sentenced him to complete a "R.I.D." program. The Judgment and Sentence also reflects Petitioner was notified of the right to appeal at that time. The sentence imposed upon completion of the Delayed Sentencing Program in this case was not within the range of punishment allowed by statute for Burglary Second Degree.

While it appears that the District Court attempted for a second time to place Petitioner in the Delayed Sentencing Program with incarceration at the September 21, 1992, hearing, the de facto effect of that proceeding was a sentencing under the provisions of the statute since Petitioner had already completed the Delayed Sentencing Program pursuant to the order of May 18, 1992.

Under the unique circumstances of this case, the de facto sentencing by the District Court on September 21, 1992, estops the State from seeking, or the District Court imposing, a greater sentence in that the sentence has been completed and jeopardy has attached.

IT IS THEREFORE THE ORDER OF THIS COURT that this matter be REMANDED to the District Court to reflect

sentencing imposed has been completed if in fact Petitioner has completed the "R.I.D. program", with further instructions that Petitioner be released from custody or any other restraint of bail, and the Judgment and Sentence be corrected to reflect the final sentence in this case. Further, the stay imposed by this Court January 14, 1993, is hereby LIFTED.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE,
Judge
Concur in Results

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

LANE, Judge, concurring in result:

I concur with the results reached by the majority, but for a different reason. I believe that the trial judge lost jurisdiction to sentence Petitioner 120 days after he entered his plea. As the majority points out, 22 O.S.1991, § 996.3 states:

A. Upon a verdict of guilty or plea of guilty or nolo contendere of an offender, the court *shall delay sentencing for a period of up to one hundred twenty (120) days after the plea of guilty or finding of guilt is entered* and order the offender to the Delayed Sentencing Program for Young Adults under the custody of the Department of Corrections. For purposes of the Delayed Sentencing Program for Young Adults, the term "custody" shall include probation or confinement. The court may initially commit the offender for either probation or confinement pending the completion of the Delayed Sentencing Program. (Emphasis added.)

By using the phrase "up to one hundred twenty (120) days" the legislature intended that the Sentencing would not be delayed longer than this statutorily imposed limit. This conclusion is reinforced by Subsection D of Section 996.3 which requires an of-

fender to execute a waiver of the time limit so that he or she may complete the program. I conclude that the waiver is the only way the 120 day limit may be extended. Even then the statute will not permit an extension beyond 60 additional days.

In the present case, the trial judge accepted the plea of Petitioner and placed him under the delayed sentencing program. Sentencing date was set within the mandated 120 day period. The Department of Corrections filed the required plan on time. For a reason that does not appear in the record the judge continued the sentencing date beyond the statutory limit without Petitioner's required waiver. In my opinion, the trial court lost jurisdiction to sentence, and therefore, the actions of the judge at the September 21, 1992 hearing are void and cannot be considered as a sentence.